UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

DAVID ANTHONY FLORES,

           Plaintiff,           Case No. 1:15-cv-1100

v.                                       Honorable Robert J. Jonker

UNKNOWN JARAMILLO et al.,

           Defendants.

_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Michigan Department of Corrections, Heyns, and Huff. The Court will serve the complaint against Defendants Jaramillo and Richardson.

**Discussion**

I.  Factual allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Marquette Branch Prison (MBP) on offenses that were committed in October 2013. However, the conduct about which he complains occurred on May 5, 2013, at the time he was being discharged from Ionia Correctional Facility (ICF) after completing the maximum prison term for his prior conviction. Plaintiff sues the MDOC and its Director, Daniel H. Heyns, together with the following ICF officials: Sergeant (unknown) Jaramillo; Correctional Officer (unknown) Richardson; and Deputy Warden Erica Huss.

Plaintiff alleges that, on the date of his discharge from ICF, he was housed in administrative segregation. Defendant Jaramillo came to Plaintiff's cell and asked if he was ready to leave. Plaintiff answered, "Yes," and Defendants Jaramillo and Richardson told the control officer to open the door. Plaintiff stepped into the hallway, carrying a plastic bag containing his belongings, and he began walking toward the steps exiting the wing. A few feet from the room's door, Jaramillo stated, "OK Flores, here's your chance – go for it!" (Compl., ECF No. 1, PageID.3.) Plaintiff told Jaramillo that he was going home and that he would deal with Jaramillo in court. Plaintiff then turned around and walked toward the steps. Once they all were in the command area, Defendants Jaramillo and Richardson pushed Plaintiff out of the view of the camera and into the wall. Once they got Plaintiff to the floor, they began to twist his arms and the fingers of both hands, while punching his body. Plaintiff screamed for them to stop, telling them that they were hurting him. Jaramillo responded, "You fag bitch – I hate FAGS!" (*Id.*, PageID.4.) After five minutes, Jaramillo and Richarson handcuffed Plaintiff and called the yard correctional officers. When the

two other correctional officers arrived, they escorted Plaintiff to the control center. Lieutenant Edwards asked Plaintiff what had happened and took his statement. Edwards then placed Plaintiff in a holding cell while making a call to the unit. Plaintiff alleges that Edwards appeared to be reprimanding Defendants. After he hung up, Edwards took Plaintiff to the control-center window and asked if he was all right. Plaintiff showed Edwards his hands and arms, both of which were hurting. Edwards gave Plaintiff his discharge papers and money and had Plaintiff taken to the property room, where his bag of items was placed in a box. Plaintiff then was put into the van with other people for transport to the bus station in Lansing.

When Plaintiff arrived at his home in Adrian, Michigan, he went to the emergency room at Bixby Medical Center. Doctors took x-rays of his left arm, from shoulder to fingers. The x-rays showed a bone chip in his left thumb which causes Plaintiff continuing pain and numbness from his shoulder to his fingers. Plaintiff reentered the MDOC on February 13, 2014. In August 2015, Plaintiff had additional x-rays of his left arm and shoulder, which showed that Plaintiff also had a chipped bone in his left shoulder.

Plaintiff contends that Defendant Erica Huss is accountable for the injuries, because she was head of the security hearing and told Plaintiff that "[w]e don't put people in G[eneral] P[opulation] that smash TVs." (*Id.*, PageID.8.) Plaintiff asserts his belief that she was part of the conspiracy to injure him, and he alleges that she has been transferred back to MBP, where Plaintiff now resides.

> II.     Sovereign Immunity

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh

Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

### III.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendant Heyns, other than to imply that Heyns failed to supervise his employees or failed to adequately respond to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active

unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Heyns engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against Defendant Heyns.

      Plaintiff's allegation that Defendant Huss conspired with Defendants Jaramillo and Richardson also fails to state a claim. A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Hensley*, 693 F.3d at 695; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible"

one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff's allegation that Defendant Huss conspired with Jaramillo and Richardson is wholly conclusory and speculative. Even viewed in the light most favorable to Plaintiff, the allegations indicate only that Huss participated in or was responsible for Plaintiff's placement in segregation, well in advance of his discharge. Plaintiff has provided no allegations establishing a link between Defendant Huss and Defendants Jaramillo and Richardson or any agreement between them. He relies entirely on an attenuated inference arising from the fact that he was disciplined by Huss on an earlier occasion to suggest that Huss must have been involved with Jaramillo and Richardson's assault. As the Supreme Court has held, such allegations, while hinting at a "possibility" of conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. Instead, the Court has recognized that although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim where that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Iqbal*, 556 U.S. at 680. In light of the far more likely possibility that the various incidents were unrelated, Plaintiff fails to state a plausible claim of conspiracy.

In addition, as with Defendant Heyns, the mere fact that Defendant Huss had supervisory authority over Defendants Jaramillo and Richardson is insufficient under § 1983 to create liability for their actions. *Iqbal*, 556 U.S. at 676.

On initial review, the Court concludes that Plaintiffs allegations warrant service on Defendants Jaramillo and Richardson.

      IV.      Motion to Appoint Counsel

Plaintiff has requested a court-appointed attorney. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur- Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Plaintiff's request for appointment of counsel therefore will be denied.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Michigan Department of Corrections, Heyns and Huss will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Jaramillo and Richardson. The Court will deny Plaintiff's request to appoint counsel.

An Order consistent with this Opinion will be entered.

                                                              /s/Robert J. Jonker
                                                             Robert J. Jonker
                                                   Chief United States District Judge

Dated:  November 6, 2015